# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV932 DJS |
| | ) | |
| JOANNE MERRITT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 347836), an inmate at the Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.10. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $45.50, and an average monthly balance of $12.13. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.10, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which purportedly occurred when he was an inmate at St. Louis County Justice Center. Named as defendants are: Joanne Merritt (mail clerk); Rita Hendrix (head nurse or health administrator); Tod Parker (physician's assistant); Mary Cuccione (nurse); Ken Manier (Superintendent); Julia Childrey (unit manager); Fred Rottick (doctor); Charlie Dooley (County Executive); St. Louis County, MO; St. Louis County Department of Health; and St. Louis County Department of Justice Services.

Plaintiff claims that defendant Merritt violated the First Amendment when she "denied [him] access to books [he] ordered." Plaintiff claims that defendant Merritt also violated his "right to equal protection" when she treated him differently "than

others similarly situated...when she denied [him] access to books that were similar to books that others ordered and received through the mail on 2/26/08." Plaintiff additionally claims that Merritt denied him due process when she returned the books before he was allowed to file a formal inmate appeal. Plaintiff asserts that defendants Childrey, Manier, and Dooley violated his constitutional rights when they upheld defendant Merritt's decisions.

Plaintiff asserts that defendant Cuccione was deliberately indifferent to his serious medical needs when she "intentionally delayed [his] appointment with orthopedic by terminating appointment for no legitimate reason." Plaintiff claims that defendant Parker and defendant Rottick were also deliberately indifferent to his serious medical needs when they delayed medical treatment by not sending him to the hospital for an injury to his hand. Plaintiff alleges that defendant Rottick also acted with deliberate indifference by failing to send him to a hospital when he had head and ear pain in January of 2008. Similarly, plaintiff alleges that St. Louis County Health Department violated his constitutional rights to "due process" when, in January and February 2008, the medical staff failed to treat him for an injury to his hand and failed to diagnose him when he was complaining of head and ear pain.

Lastly, plaintiff claims that defendant Hendrix violated his constitutional rights when she didn't respond immediately to his requests for medical care and failed to

respond to his grievances. Plaintiff seeks monetary relief for the alleged violations outlined in his complaint.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a governmental entity and/or a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.[1]

---

[1]For these same reasons, St. Louis County, St. Louis County Department of Health and St. Louis County Department of Justice Services cannot be held liable in this action. Monell, 436 U.S. at 694 (noting that a governmental entity and/or

Even if plaintiff had brought this action against defendants in their individual capacities, the majority of the claims in his complaint would still be subject to dismissal for the following reasons.

Defendant Hendrix cannot be held liable for failing to respond to plaintiff's grievances. "A 'grievance procedure does not confer any substantive constitutional right upon prison inmates.'" Bostic v. Babich, 2008 WL 906801 at *7 (E.D.Mo. Apr.3, 2008) quoting Barrett v. Correctional Medical Services, Inc., 2008 WL 413841 at *2 (E.D.Mo. Feb.13, 2008). Therefore, the denial of grievances and/or the failure to respond to grievances, cannot, in and of itself, support a substantive constitutional claim." Walls v. Highsmith, 2007 WL 4468694 at *2 (E.D.Mo. Dec.17, 2007) citing Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir.2002).

Plaintiff's claims for deliberate indifference to his serious medical needs against defendants Cuccione, Parker, Rottick, Hendrix also fail to state a claim. A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.[2] Alberson v. Norris,

---

municipality can only be held liable under § 1983 if the plaintiff identifies a particular policy, custom or practice that resulted in the alleged constitutional violations).

[2]It is unclear what plaintiff's status at the St. Louis County Justice Center was at the time his allegations arose. The deliberate indifference standard would be the same, however, even if he was a pretrial detainee. Vaughn v. Greene County, 438

458 F.3d 762, 765-66 (8th Cir. 2006). A prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. Id. Medical malpractice alone, however, is not actionable under the Eighth Amendment. Smith v. Clark, 458 F.3d 720, 724 (8th Cir. 2006). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). Plaintiff has failed to allege that he suffered from an objectively serious medical need and that the prison officials actually knew of but deliberately disregarded that need. Accordingly, his claims for deliberate indifference must fail.

Additionally, plaintiff's claims against defendants Cooley, Manier and Childrey fail to state a claim. "Liability under § 1983 requires a causal link to, and direct

---

F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates.")

responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Cooley, Manier or Childrey were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these three defendants.

Lastly, plaintiff's generalized claims of a violation of the Equal Protection Clause also fail to state a claim for relief. Plaintiff has not maintained that he was discriminated against on the basis of his race, or other protected class. See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 21 F.3d 237, 242 (8th Cir.1994). Accordingly, his allegations of prejudice fail to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $9.10 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  20th   Day of August, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE